


UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

SABIN IULIUS MARGAIAN, EDWIN M. MARIUS, FREDDY A. MARTINEZ, SEGUNDO A. PRADO, and HIRAN SANTIAGO JR., individually and on behalf of all other persons similarly situated,

    Plaintiffs,

    –against–

GREYSTONE OWNER LLC; R.A. COHEN & ASSOCIATES, INC.; ROBERT A. COHEN; and NEIL GEWIRTZ; jointly and severally,

    Defendants.

14 CV 0800

## COMPLAINT AND JURY DEMAND

1.     The plaintiffs allege on behalf of the plaintiffs and other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiffs and the party plaintiffs are entitled to (i) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs and the party plaintiffs overtime premium pay; (ii) liquidated damages; and (iii) attorney's fees and costs of the action.

2.     The plaintiffs further allege, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiffs are entitled to (i) unpaid wages from the defendants for overtime work for which the plaintiffs were not paid overtime premium pay; (ii) liquidated damages; and (iii) attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. The plaintiff Sabin Iulius Margaian is and was at all relevant times an adult residing in New York County, New York.

7. The plaintiff Edwin M. Marius is and was at all relevant times an adult residing in Bronx County, New York.

8. The plaintiff Freddy A. Martinez is and was at all relevant times an adult residing in Bronx County, New York.

9. The plaintiff Segundo A. Prado is and was at all relevant times an adult residing in Bronx County, New York.

10. The plaintiff Hiran Santiago Jr. is and was at all relevant times an adult residing in New York County, New York.

11. Upon information and belief, the defendant Greystone Owner LLC is and was at all relevant times a Delaware limited liability company.

12. Upon information and belief, the defendant R.A. Cohen & Associates, Inc., is and was at all relevant times a New York business corporation.

13. Upon information and belief, the defendant Robert A. Cohen is an adult.

14. Upon information and belief, the defendant Neil Gevirtz is an adult.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' FLSA claims as a collective action on behalf of all similarly situated persons who are or were formerly employed by the defendants at any time since three years before the date of this complaint, to the entry of judgment in this case.

16. The plaintiffs and the party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the FLSA as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the collective action members.

## STATEMENT OF FACTS

17. At all relevant times, the defendants owned and managed residential real estate.

18. Upon information and belief, at all relevant times, Robert A. Cohen was an owner, shareholder, officer, or manager of the defendant corporations.

19. Upon information and belief, at all relevant times, Neil Gevirtz was an owner, shareholder, officer, or manager of the defendant corporations.

20. Upon information and belief, at all relevant times, Robert A. Cohen was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

21. Upon information and belief, at all relevant times, Neil Gevirtz was an individual who actively participated in the business of the defendants, exercised substantial control over the

functions of the employees of the defendants, including the plaintiffs and the putative party plaintiffs, and acted directly or indirectly in the interest of an employer.

22. Upon information and belief, at all relevant times, Robert A. Cohen had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

23. Upon information and belief, at all relevant times, Neil Gevirtz had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

24. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

25. The defendants employed Sabin Iulius Margaian from approximately February 12, 2008, until the present.

26. The defendants employed Sabin Iulius Margaian as a concierge.

27. The defendants paid Sabin Iulius Margaian fifteen dollars for each hour he worked.

28. Sabin Iulius Margaian worked approximately forty-five to fifty hours per week.

29. The defendants employed Edwin M. Marius from approximately October 2008 until the present.

30. The defendants employed Edwin M. Marius as a porter.

31. The defendants paid Edwin M. Marius eighteen dollars for each hour he worked.

32. Edwin M. Marius worked approximately 55 hours per week from approximately 2008 through 2011, and approximately 45 hours per week thereafter.

33. The defendants employed Freddy A. Martinez approximately from June 2011 to June 20, 2013.

34. The defendants employed Freddy A. Martinez as a porter. The plaintiff's duties concerned maintenance of the residential building in which he worked.

35. The defendants paid Freddy A. Martinez twelve dollars and seventy-five cents for each hour he worked.

36. Freddy A. Martinez worked approximately forty-five hours per week.

37. The defendants employed Segundo A. Prado from approximately November 2011 through the present.

38. The defendants employed Segundo A. Prado as a handyman.

39. The defendants paid Segundo A. Prado twenty one dollars for each hour he worked.

40. Segundo A. Prado worked approximately forty-five to fifty hours per week.

41. The defendants employed Hiran Santiago Jr. approximately from May 31, 2007, through the present.

42. The defendants employed Hiran Santiago Jr. as a concierge and maintenance worker.

43. The defendants paid Hiran Santiago Jr. fifteen dollars per hours for approximately the first two years of his employment, after which the defendants paid Hiran Santiago Jr. sixteen dollars for each hour he worked.

44. Hiran Santiago Jr. worked approximately forty-nine hours per week.

45. The plaintiffs and the collective action members worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs and the collective action members overtime compensation of one and one-half times their regular rate of pay.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

46. The plaintiffs, on behalf of the plaintiffs and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

47. At all relevant times, the defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, the defendants employed the plaintiffs and party plaintiffs within the meaning of the FLSA.

49. Upon information and belief, at all relevant times, the defendants have had gross revenues in excess of $500,000.

50. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiffs and party plaintiffs for the plaintiffs' and party plaintiffs' hours worked in excess of forty hours per workweek.

51. As a result of the defendants' willful failure to lawfully compensate the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Due to the defendants' FLSA violations, the plaintiffs and party plaintiffs are entitled to recover from the defendants the plaintiffs' and party plaintiffs' unpaid overtime compensation, an additional equal amount as liquidated damages, and attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 216(b).

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

54. The plaintiffs reallege and incorporate by reference paragraphs 1 through 54 as if they were set forth again herein.

55. At all relevant times, the plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651, and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.2.

56. The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for each hour the plaintiffs worked in excess of forty hours per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4.

57. Due to the defendants' NYLL violations, the plaintiffs are entitled to recover from the defendants the plaintiffs' unpaid overtime compensation, liquidated damages, and attorney's fees and costs of this action, pursuant to the NYLL.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

a. designation of this action as a collective action on behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

  b. a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

  c. an award of unpaid overtime compensation due under the FLSA;

  d. an award of liquidated damages as a result of the defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

  e. an award of overtime compensation due under the NYLL;

  f. an award of liquidated damages as a result of the defendants' failure to pay overtime compensation pursuant to the NYLL;

  g. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  h. an award of postjudgment interest;

  i. an award of the attorney's fees and costs of this action; and

  j. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
February 7, 2014

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste. 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

9